UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY BILLS,

        Plaintiff,                  Case Number: 2:15-CV-11416
                                                 HONORABLE STEPHEN J. MURPHY, III

v.

DANIEL HEYS and BOAXZAR,

        Defendants.
                                   /

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

      Rickey Bills is a prisoner at the Muskegon Correctional Facility in Muskegon, Michigan. He filed a civil rights suit under 42 U.S.C. § 1983 and alleged that the prison's staff wrongfully terminated his job. The complaint names two defendants, Daniel Heyns (director of the Michigan Department of Corrections), and Mr. Boaxzar (corrections officer, Macomb Correctional Facility), and seeks monetary and injunctive relief.

      The Court has granted Bills leave to proceed without prepayment of the filing fee due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S.

149, 155-57, 98 S. Ct. 1729 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972).

Bills claims that the prison terminated his work assignment based upon a misconduct ticket written for possession of stolen property. Bills states that he was ultimately found not guilty, but the prison failed to reinstate him to his prison job or pay him back wages.

A prisoner has no constitutionally protected right to a prison job or a particular prison wage. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *see also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (holding that prisoners "have no constitutionally protected liberty or property interests *per se* in their prison job assignments); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that prisoner had no constitutionally protected property interest in work release program); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) ("[I]nmates have no constitutional right to be assigned to a particular job."). Because Bills does not have a constitutional right to be assigned to a particular job, he has failed to state a claim upon which relief may be granted.

The Court concludes that Bills fails to state a claim for which relief may be granted. Accordingly, the Court will summarily dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons stated in this order, the Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Bills is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Bills decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal

*in forma pauperis.* See Fed. R. Civ. P. 24(a)(5).

## ORDER

**WHEREFORE, IT IS HEREBY ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager
